IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AGENCY ONE INSURANCE, INC. and PAMELA A. SIROKY, | ) ) ) | Case No.   8:13-cv-78 |
| Plaintiffs, | ) ) | |
| | ) | PROTECTIVE ORDER |
| vs. | ) ) | |
| WESTPORT INSURANCE CORP., | ) ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the Stipulation and Joint Motion for Entry of Protective Order which arises out of the defendant's amended subpoena to the Nebraska Department of Insurance that seeks all documents regarding Pamela A. Siroky, Douglas Inlay, and Connie Samek.  The parties request that a protective order which sets forth the rights and responsibilities of the parties with respect to said documents be entered by the Court.

FACTS

This is a breach of contract/declaratory judgment matter in which plaintiffs' claim the defendants improperly failed to defend and indemnify them pursuant to the terms and conditions of a professional liability insurance policy the defendants issued to plaintiffs. The plaintiffs seek a judgment that the defendant breached the contract and ask the Court to declare that defendant is obligated pursuant to the policy to defend and indemnify the plaintiff.

The defendant denies that it has breached its contract with the plaintiff and asks the Court to declare that it is not obligated to defend or indemnify the plaintiffs pursuant to the policy.

The defendant's attorneys have subpoenaed the Nebraska Department of Insurance seeking all documents relating to Pamela A. Siroky, Douglas Inlay, and Connie

1

Samek.  Portions of the information requested is confidential and should be protected as further set forth herein.

PROTECTIVE ORDER

IT IS THEREFORE ORDERED that the documents received pursuant to the defendant's amended subpoena to the Nebraska Department of Insurance regarding Pamela A. Siroky, Douglas Inlay, and Connie Samek may be utilized in the preparation of the case, but the parties must do so in accordance with the following terms:

1. Confidential Information.  Certain documents and materials produced by the Nebraska Department of Insurance regarding Pamela A. Siroky, Douglas Inlay, and Connie Samek shall constitute CONFIDENTIAL information for the purposes of this Order and shall be used by the recipient only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.  Each party will have the right and authority to designate which specific documents or materials constitute CONFIDENTIAL information and the parties will label such documents "CONFIDENTIAL".

2. Qualified Recipients.  For purposes of this Order persons authorized to receive "CONFIDENTIAL" information (hereinafter "qualified recipient") shall include **only**:

   a. Legal counsel representing the plaintiff and legal counsel representing the defendants, and members of the paralegal, secretarial or clerical staff who are employed by, retained by or assisting such counsel;

   b. Personnel of the parties, including, but not limited to, their respective Board of Directors, in-house attorneys, investigators, employees, experts, consultants and senior executives, conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the above-captioned action and the insurance policy at issued therein;

   c. The Court presiding over the above-captioned action, including, without limitation, the District Judge, Magistrate Judge, Court personnel, and jurors;

   d. Court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

2

e. Witnesses, potential witnesses, deponents, and the deponent's counsel, but only during the course of a deposition and to the extent reasonably necessary in the preparation for such deposition;

f. Reinsurers, auditors, or other entities to which the parties may be required to respond or report in the ordinary course of business regarding the subject matter of the above-captioned action;

g. Regulators to which the parties may be required to respond or report in the ordinary course of business regarding the subject matter of the above-captioned action;

h. Vendors, consulting or testifying expert witnesses;

i. Any mediator retained by the parties in an effort to mediate and/or settle the disputes involved in this action; and

j. Any other Person upon order of the Court or upon stipulation of the parties or upon the express written agreement of the designating party.

3. <u>Maintenance of Confidentiality</u>. CONFIDENTIAL information shall be held in confidence by each qualified recipient to whom it is disclosed; it shall be used only for purposes of this action and shall not be disclosed to any person who is not a qualified recipient. Each party, each qualified recipient and all counsel representing any party shall use their best efforts to maintain all produced CONFIDENTIAL information in such a manner as to prevent access, even at hearing or trial, by individuals who are not qualified recipients.

4. <u>Copies</u>. CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of this Court. Nothing herein, however, shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL information under the terms of this Order.

5. <u>Filing Under Seal</u>. All documents of any nature, including any of the foregoing documents as well as any other documents, including, but not limited to, briefs, motions, memoranda, transcripts and the like, that are filed with the Court for any purpose and that contain CONFIDENTIAL information

3

shall be filed in sealed envelopes or other sealed containers marked with the title of the action and generally identifying each document and thing therein and bearing a statement substantially in the following form:

CONFIDENTIAL

DO NOT OPEN WITHOUT ORDER OF THE COURT

For the convenience of the parties, the clerk and the Court, any filing which contains both CONFIDENTIAL information and non-confidential material may be filed entirely under seal.

6. Depositions. The following procedures shall be followed at all depositions to protect the integrity of all CONFIDENTIAL information:

   a. Only qualified recipients may be present at a deposition in which CONFIDENTIAL information is disclosed or discussed;

   b. All testimony elicited during a deposition at which CONFIDENTIAL information is disclosed or discussed is deemed to be CONFIDENTIAL information.

7. Trial. Prior to the trial of this action the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding confidential status, if any, to the afforded documents, testimony or other information disclosed during the course of the trial.

8. Return or Destruction of Documents. Upon final termination of this proceeding, including all appeals, each party shall at its option destroy or return to the producing party all original materials produced and designated as CONFIDENTIAL information and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials that contain or refer to CONFIDENTIAL information. This Protective Order shall survive the final termination of this action, and shall be binding on the parties and their legal counsel at all times in the future.

9. Modification. This Order is entered without prejudice to the right of any party to apply to the Court for additional protection, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

4

10. <u>Additional Parties to Litigation</u>.  In the event additional parties join or are joined in this action, they shall not have access to CONFIDENTIAL information until the newly joined party, by and through his, her or its counsel, has executed and filed with this Court its agreement to be fully bound by this stipulated Order.

Dated this 5tf  day of F gego dgt, 2013.

**BY THE COURT:**

**Magistrate Judge**

868958