IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AGENCY ONE INSURANCE, INC., PAMELA A SIROKY,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>WESTPORT INSURANCE CORP.,<br><br>                    Defendant. | **8:13CV78**<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Agency One Insurance, Inc. and Pamela A. Siroky, by and through their assignee, Metropolitan Property and Casualty Insurance Company, have moved to amend their complaint to add a claim of bad faith. Specifically, the plaintiffs claim:

> The defendant either knew of or recklessly disregarded the lack or absence of reasonable bases *[sic]* for refusing to defend and indemnify the Plaintiffs, and has therefore exercised bad faith in failing and refusing to defend and indemnify the Plaintiffs against the claims made by the Federal Lawsuit.

([Filing No. 76](#)).

This case was filed in the District Court of Lancaster County, Nebraska on February 5, 2013, and was removed to this forum on March 6, 2013. ([Filing No. 1](#)). After reviewing the parties' Rule 26(f) Report, the deadline for moving to amend pleadings or add parties was set for August 15, 2013, and the case was set for trial beginning on January 13, 2014. ([Filing No. 24](#)). Although the discovery, dispositive motion, and trial deadlines were continued at least twice at the parties' request, ([Filing Nos. 34](#), [44](#)), the deadline for moving to amend pleadings was never extended. Trial is currently set for September 22, 2014.

The plaintiff's motion to amend was filed on July 3, 2014, more than ten months after the amendment deadline passed. The deadlines within a final progression order

"may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "If a party file[s] for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008)(quoting Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). The "good cause" requirement found in Fed. R. Civ. P. 16(b) for amending pleadings after the expiration of the scheduling deadline "is not optional." Sherman, 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements . . . Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." Harris v. FedEx Nat. LTL, Inc., 2014 WL 3638896, 6 (8th Cir. July 24, 2014).

On or before May 7, 2014, Metropolitan Property and Casualty Insurance Company became the assignee of plaintiffs' claims in this case. But it filed nothing advising this court of that fact until June 18, 2014. By then, the summary judgment deadlines had to be set aside because no one knew who, if anyone, was pursuing the assignee's claims. Now the plaintiffs request an opportunity to amend their complaint to add a bad faith claim, with no explanation—through evidence or even argument—of why this new claim was not raised long ago. The plaintiffs have failed to show they acted with due diligence and as such, they have failed to make any requisite showing to justify permitting a late amendment to the pleadings.

The court further notes that the requested amendment is not a minor change, but rather seeks to add a new theory of recovery. Although the plaintiffs claim no additional discovery will be necessary if the amendment is permitted, the court is not convinced. The evidence needed to prove or defend an insurance bad faith claim differs in both content and degree from the evidence needed on breach of contract and negligence actions. It would be very prejudicial to the defendant—in terms of delay, duplication of

work and effort, and adjustment of trial strategy and expectations—to now reopen discovery focused on an insurance bad faith claim.

Simply stated, the plaintiffs' motion to amend is untimely under the court's progression order, and they have failed to show the requisite good cause for allowing an untimely amendment to their complaint.

Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion for leave to amend, ([Filing No. 76](#)), is denied.

2) A telephonic conference with the undersigned magistrate judge will be held on **August 5, 2014** at **8:30 a.m.** to discuss progression toward final resolution of this case. Counsel for plaintiffs shall place the call.

July 29, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.